IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELANIE O., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 16-cv-44-B-BN | |
| § | | |
| NANCY A. BERRYHILL, § | | |
| Acting Commissioner of Social Security, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Melanie O.'s counsel Daniel Skaar has filed a Motion for Award of Attorney Fees Under the Social Security Act. *See* Dkt. No. 34. United States District Judge Jane J. Boyle has referred this matter to the undersigned United States magistrate judge for recommendation.

For the reasons explained below, the Court should grant the motion.

**Background**

On January 8, 2016, Plaintiff filed a complaint challenging the Commissioner of Social Security's decision denying her claim for benefits under the Social Security Act. *See* Dkt. No. 1. By an order and judgment entered on May 26, 2017 [Dkt. Nos. 27 & 28], the Court reversed and remanded this case for further administrative proceedings. Plaintiff then moved for, and was awarded, attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $12,056.00. *See* Dkt. Nos. 34 & 35.

In his Motion for Award of Attorney Fees Under the Social Security Act, Mr. Skaar explains that "[t]he Commissioner subsequently issued a partially favorable decision awarding benefits to Plaintiff on November 21, 2018"; that he "has received notice from the Social Security Administration certifying that the past due benefits awarded in this case were $105,112.67 for the Plaintiff and her family"; that he "is precluded from seeking, and the court may not approve, more than $26,278.17 under 42 U.S.C. § 406(b)(1) for legal services performed on Plaintiff's behalf at the federal court level"; and that he "is requesting for a fee of $26,278.17 for federal court services." Dkt. No. 34 at 2.

As provided by a contingency fee agreement, Mr. Skaar now seeks approval under Section 406(b) of the Social Security Act to pay him attorneys' fees in the amount of $26,718.17, which represents 25% of the past-due benefits awarded to Plaintiff. *See id.* at 7.

The Commissioner timely filed a response, *see* Dkt. No. 35, and the motion is now ripe for decision.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v.*

2

*Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request on the ground that she is not the true party in interest but notes that "[c]ontrolling authority directs the Court to resolve the question of whether Mr. Skaar's requested fee is reasonable." Dkt. No. 35 at 1, 2. As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *See Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Seeking a Court's review of the reasonableness of the fees sought

3

is consistent with this role.

But the Commissioner notes that Mr. Skaar attorney "seeks an award of $11,247.00 from Plaintiff's past-due benefits as attorney's fees pursuant to 42 U.S.C. § 406(b)" and "that Mr. Skaar's requested fee does not appear to be unreasonable," where, "[b]ased on the 77.6 hours of court-related attorney representation and 8.8 hours of paralegal representation claimed in Plaintiff's EAJA petition, the requested § 406(b) award of $26,278.17 represents an approximate hourly rate of $325.00, as Plaintiff suggests," and "[t]he Commissioner submits that this amount is not excessive on its face when considered as a lodestar." Dkt. No. 35 at 1, 4; *see also id.* at 4-5 (noting that "the Commissioner is not empowered to stipulate as to counsel's requested fee, and in this case does not independently question the reasonableness of the requested fee").

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1. Noting that Section 406(b) is not a fee-shifting statute, however, the Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel

4

spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their

5

case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. See Dkt. No. 34 at 8.

Counsel's resulting effective hourly rate of $325.00 does not exceed 25% of the past-due benefits that Plaintiff received. And Mr. Skaar "has submitted evidence showing that the noncontingent rate for an attorney of his age and experience in the Dallas-Fort Worth area would be in the range of $239 to $340 per hour for 2015, with increases in 2014 and 2015." *Id.* at 10. Mr. Skaar further notes that he "is 57 years old and has been practicing Social Security Law for eleven years." *Id.* at 10 n.2.

The undersigned agrees that the resulting hourly rate is reasonable under the circumstances of this case.

Moreover, Mr. Skaar provided effective and efficient representation, expending over 77 hours to reach a favorable result. *See id.* at 3. Given the lack of success at the administrative level, counsel's success appears to be attributable to their own work.

Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See id.* at 11-12; *Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the undersigned finds that the requested fee award in the amount of $26,278.17 is reasonable under the circumstances of this case and should be granted under Section 406(b).

Plaintiff was previously awarded attorneys' fees pursuant to the EAJA in the amount of $12,056.00. *See* Dkt. No. 31. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837-39 (5th Cir. 2010). Here, Mr. Skaar represents that, "[s]hould the Court grant this Motion, [he] will, of course, promptly refund the amount of the lesser fee for the same services to Plaintiff as the law requires." Dkt. No. 34 at 12.

## Recommendation

The Court should grant Plaintiff Melanie O.'s counsel Daniel Skaar's Motion for Award of Attorney Fees Under the Social Security Act [Dkt. No. 34] and award Mr. Skaar attorneys' fees in the amount of $26,278.17, to be certified for payment out of Plaintiff's past due benefits under the Social Security Act, 42 U.S.C. § 406(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE